Argued February 28, affirmed April 17, 1978

BENAFEL, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*
(WCB Case No. 76-6454, CA 9482)
577 P2d 99

Brian L. Pocock, Associate Counsel, State Accident Insurance Fund, Eugene, argued the cause and filed the brief for petitioner.

Samuel A. Hall, Jr., Eugene, argued the cause for respondent. With him on the brief was Malagon, Starr & Vinson, Eugene.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

The issue in this workers' compensation case is whether claimant's injury arose "out of and in the course of employment." ORS 656.005(8)(a). We have recognized that cases such as this turn on their own peculiar facts and that reasoning by analogy to previous cases has little value. *Casper v. SAIF,* 13 Or App 464, 470, 511 P2d 451 (1973). We have identified the following factors helpful in determining the issue:

" ' "a) Whether the activity was for the benefit of the employer * * *;

" ' "b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later * * *;

" ' "c) Whether the activity was an ordinary risk of, and incidental to, the employment * * *;

" ' "d) Whether the employee was paid for the activity * * *;

" ' "e) Whether the activity was on the employer's premises * * *;

" ' "f) Whether the activity was directed by or acquiesced in by the employer * * *;

" ' "g) Whether the employee was on a personal mission of his own * * *." ' " *Casper v. SAIF, supra,* 13 Or App at 471.

In this case, claimant was injured in an automobile accident occurring on her employer's premises. She had accidentally set her alarm clock forward and so she arrived one hour early at Riddle, where she normally met a co-employe to share a ride to work. Not realizing her mistake, claimant assumed she had missed the ride and drove on to work in her own car. To reach her place of employment it was necessary for claimant to travel approximately five miles on a private road maintained by her employer. Claimant realized that she was early after arriving at her place of employment. She decided that she would return to

Riddle and meet her co-employe.[1] On her way back to Riddle, claimant was involved in an accident on the private road maintained by her employer.

Turning to the factors enumerated in *Casper v. SAIF, supra,* we find that:

(a) The activity was at least partially for the benefit of the employer in that claimant was trying to avoid causing a co-employe to be late for work.

(b) The activity of driving on the employer's premises was clearly required to get to the place of employment.

(c) Since the road had to be traveled to get to and from work, the activity of driving on that road can be said to be a risk incidental to claimant's employment.

(d) Claimant was not paid for the activity.

(e) The activity was on the employer's premises.

(f) The activity was acquiesced in by employer to the extent that employes were required to use the road to get to work.

(g) Claimant was not on a personal mission of her own.

The major claim presented by SAIF is that since claimant had arrived for work early and was leaving, her accident is not covered by workers' compensation. It is no doubt unusual for an employe to misset an alarm clock and arrive early for work. The occurrence of such unusual event should not preclude claimant from recovering for injuries suffered on employer's premises during what was actually an extended trip to get to work.

Affirmed.

---

[1]Claimant testified that she was concerned that the person who normally drove her to work would wait for her at Riddle and be late for work.