Argued and submitted February 3, reversed December 23, 1992, respondent's
petition for reconsideration allowed by opinion June 23, 1993
See 121 Or App 260 (1993)

In the Matter of the Compensation of
Fred H. Jacobson, Claimant.
PACIFIC POWER & LIGHT,
*Petitioner,*

*v.*

Fred H. JACOBSON,
*Respondent.*

(90-11363; CA A70655)

844 P2d 223

Craig A. Crispin, Portland, argued the cause for petitioner. With him on the brief were Alan M. Lee and Bullard, Korshoj, Smith & Jernstedt, Portland.

William A. McDaniel, Coos Bay, argued the cause for respondent. With him on the brief were Juli Point and Foss, Whitty, Littlefield & McDaniel, Coos Bay.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant works for employer as a lineman represen-tative. He injured his shoulder while eating lunch at a restau-rant when the stool on which he was sitting collapsed. Employer seeks review of the Workers' Compensation Board's order holding that the injury is compensable.

The facts are not disputed. Claimant lives in Myrtle Point, which is nine miles south of employer's main office in Coquille. Claimant drives to Coquille every day to pick up his orders from the main office. He then works in a territory from Coquille to north of Powers. His duties include system main-tenance, responding to customer requests, trimming trees, collecting payments on bills and reading meters. He drives a company truck and is paid by the hour. He carries a portable two-way radio in order to maintain contact with employer and, on occasion, radios employer or receives orders from the Coquille office.

Claimant's union contract provides for a one-hour lunch period at noon, during which time he is free to do as he wishes. Unless he is working through his lunch hour on an emergency, he is not paid for that time and does not receive reimbursement for his expenses. Because he is usually in the Powers area at lunch time, it is inconvenient for him to drive home for lunch. Claimant occasionally attends meetings of service organizations or civic functions on behalf of employer and, when he does, he is reimbursed for his expenses. Occa-sionally he radios employer while he is in Powers to let his supervisor know that he is going to lunch, although he is not required to.

Claimant regularly eats at Jack's, a cafe in Powers. On the date of the injury, he drove from his home in Myrtle Point to Coquille, where he received orders to go to Powers to read meters and to carry out other duties. He worked in Powers until lunch time and then went to Jack's to eat. The stool on which he was sitting collapsed, and he fell to the floor, injuring his right shoulder. He filed a claim for that injury, which employer denied. The referee and the Board held that it was compensable.

The Board reasoned that the relationship between the injury and the employment was sufficient under the

unified test in *Rogers v. SAIF*, 289 Or 633, 642, 616 P2d 485 (1980), to render the injury compensable. In aid of that determination, the Board referred to the factors identified in *Jordan v. Western Electric*, 1 Or App 441, 463 P2d 598 (1970), and later in *Mellis v. McEwen, Hanna, Gisvold*, 74 Or App 571, 575, 703 P2d 255, *rev den* 300 Or 249 (1985), as being significant in deciding whether claimant was acting in the course of his employment.[1]

The Board also cited *Halfman v. SAIF*, 49 Or App 23, 618 P2d 1294 (1980), in which we held that a worker who was injured by an automobile while crossing a city street to use a restroom and refreshment facilities during a paid break was entitled to compensation. In that case, we also considered the factors identified in *Jordan*. We found that use of neighborhood facilities was clearly contemplated by the employer and that it was of benefit to the employer, because the availability of those facilities relieved it of the burden of providing them. We held that, when an employer has created the need for the employee to go off the premises for personal comfort activities, the risk of injury while the worker is engaging in those activities is an ordinary risk of, and is incidental to, the employment. Because the employer had no restroom facilities, we held that the fact that the injury occurred off the employer's premises was not significant.

The Board concluded that this case is similar to *Halfman* and that, by requiring claimant to travel away from its premises on a daily basis, employer anticipated the risk of an injury that might occur off premises in the context of ordinary comfort activities, such as eating lunch. Thus, the

---

[1] The factors are:

"a) Whether the activity was for the benefit of the employer[;]

"b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later[;]

"c) Whether the activity was an ordinary risk of, and incidental to, the employment[;]

"d) Whether the employee was paid for the activity[;]

"e) Whether the activity was on the employer's premises[;]

"f) Whether the activity was directed by or acquiesced in by the employer[;]

"g) Whether the employee was on a personal mission of his own[.]" *Jordan v. Western Electric, supra*, 1 Or App at 443. (Citations omitted.)

Board relied on a factor that ordinarily weighs against compensability, that the injury occurred off of employer's premises, to hold the claim compensable. That is, it held that, when the nature of the work *requires* the employee to eat lunch off the premises, injuries that occur during lunch are anticipated risks of the employment and are in the course of the employment.[2]

In the light of the Supreme Court's opinion in *SAIF v. Reel*, 303 Or 210, 216, 735 P2d 364 (1987), the test for determining whether an off-the-job injury is compensable is whether the activity causing the injury is an "integral" part of the worker's employment. The court said that the problem is "best resolved by examining the contractual relationship of the parties to determine if the claimant's injury 'arose out of and in the course of' his employment." 303 Or at 216. Applying that standard, and given the undisputed facts, the Board could only have concluded that claimant was not in the course of his employment at the time of his injury.

The fact that claimant was required to eat away from employer's premises does not, in itself, mean that eating lunch was part of his employment. The terms of the employment agreement are controlling: Under his union contract, claimant's one hour lunch break was unpaid, and he was free to do whatever he chose to do during that time. He could go home, go out for lunch, run errands, go fishing or, even, roller skating. Employer exercised no control over claimant while he was on his lunch break. Therefore, activities carried on during the break must be characterized as purely personal and outside the course of his employment.[3]

Reversed.

---

[2] We note that, in *Halfman*, we found on *de novo* review that the claimant was on a *paid* break at the time of his injury. 49 Or App at 30. The same was true in *Mellis*. 74 Or App at 574.

[3] We reject claimant's contention that the Board should be affirmed, because he was a "travelling employee." The "travelling employee" concept is applicable when the employee is required to travel *overnight* away from home and the employer's premises. *See* 1A Larson, *Workmen's Compensation Law*, 5-275, § 25.00 (1992).