On respondent's petition for reconsideration filed January 10, reconsideration allowed; opinion (117 Or App 280, 844 P2d 223 (1992)) withdrawn; affirmed June 23, reconsideration denied August 18, petition for review denied September 21, 1993

(317 Or 583)

In the Matter of the Compensation of
Fred H. Jacobson, Claimant.

PACIFIC POWER & LIGHT,
*Petitioner,*

*v.*

Fred H. JACOBSON,
*Respondent.*

(90-11363; CA A70655)

854 P2d 999

William A. McDaniel and Foss, Whitty, Littlefield & McDaniel, Coos Bay, for the petition.

No appearance *contra*.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

De Muniz, J., concurring and dissenting.

**ROSSMAN, P. J.**

Claimant has filed a petition for review of our opinion. 117 Or App 280, 844 P2d 223 (1992). We treat it as a petition for reconsideration, ORAP 9.15, allow it, withdraw our opinion and affirm the Workers' Compensation Board.

■ Claimant, a lineman representative, travels daily to various locations in his territory. He seeks benefits for an injury he sustained when he fell off a stool while eating his lunch at a restaurant. In a footnote to our opinion, we rejected claimant's contention that he was a travelling employee, reasoning that the travelling employee rule is limited to employees who travel *overnight*. 117 Or App at 284 n 3. Claimant contends that we should not have so limited the application of the rule. Although we have not found an Oregon decision that has applied the travelling employee rule to a case that did not involve overnight travel, we agree that the overnight qualification was not necessary to our decision.

■ Claimant contends, additionally, that we erred in reversing the Board, because its decision that claimant's injury was an anticipated risk of the employment is supported by substantial evidence. We agree and conclude that the injury is compensable.

In *Slaughter v. SAIF*, 60 Or App 610, 613, 654 P2d 1123 (1982), we quoted from 1 Larson, *Workmen's Compensation Law* 5-172, § 25.00 (1972):

> " 'Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.' "

That same statement is in the most recent edition of Larson's treatise. 1A Larson, *Workmen's Compensation Law*, 5-275, § 25.00 (1990).

The Supreme Court has stated its own version of the same concept. In *SAIF v. Reel*, 303 Or 210, 216, 735 P2d 364 (1987), the court said that, in the case of an employee who has been directed, as a part of the employee's duties, to go to a

specific place, the ultimate inquiry in deciding whether injuries that occur during personal activities are covered is whether the risk of injury is a necessary incident of the employment:

> "[W]hen the travel is essentially part of the employment, the risk of [injury during activities necessitated by travel] remains an incident to the employment even though the employee may not actually be working at the time of the injury." 303 Or at 216.

Claimant's job necessitated travel on a daily basis. Although he was not required to eat his lunch at the restaurant, it would have been inconvenient for him to drive all the way home for lunch during his one-hour lunch break. Although employer exercised no control over claimant while he was on his lunch break, employer contemplated that claimant would carry out ordinary comfort activities at the location where he was working and thereby anticipated the risk of an injury that might occur in the context of ordinary comfort activities. We conclude that substantial evidence supports the Board's finding that the risk that claimant might be injured while eating his lunch was a risk of the employment.

Reconsideration allowed; opinion withdrawn; affirmed.

**De MUNIZ, J.,** concurring in part; dissenting in part.

I agree with the majority that reconsideration should be allowed and that the footnote in our original opinion regarding the overnight qualification was not necessary to our decision.

I dissent from the majority's holding on reconsideration that claimant's injury was compensable. Our original opinion holding otherwise was correct, for the reasons stated in that opinion.