**John W. BEDWELL, Employee-below, Appellant,**

v.

**BRANDYWINE CARPET CLEANERS, Employer-below, Appellee.**

Civ. A. No. 95A–12–001–NAB.

Superior Court of Delaware, New Castle County.

Submitted: April 22, 1996.
Decided: June 12, 1996.

Alfred J. Lindh, of Wilmington, for Appellant.

R. Stokes Nolte, of Nolte & Brodoway, P.A., Wilmington, for Appellee.

## OPINION

BARRON, Judge.

This case of first impression in Delaware involves the appeal of John W. Bedwell ("Claimant") from the July 5, 1995, decision of the Industrial Accident Board (the "Board") which denied him Workers' Compensation benefits. Claimant was injured while eating lunch at a restaurant as he travelled from one work site to another. The Board held that Claimant's injuries were not compensable since the Board felt that Claimant was not injured during the course and scope of his employment. Briefing having been completed, the matter is now ripe for decision.

## I. Background

The facts of this case are undisputed. Claimant was employed by Brandywine Carpet Cleaners ("Employer"). Claimant did not actually work at Employer's place of business. Instead, Claimant worked at various customer sites cleaning carpets and moving furniture along with the other crew members. In the morning, Claimant would report to Employer's headquarters where Employer would delegate assignments. The crew chief would then drive the employees, such as Claimant, to that day's job assignments in the company vehicle. Employer paid Claimant for the time spent traveling between work sites. Claimant spent the entire day "on the road" and returned in the company's van to Employer's place of business at the end of the day.

Employer allowed its employees a one half-hour lunch break, but did not schedule the specific time for this break. Instead, the crew would eat lunch together at some location on the road while traveling between assignments. Employer paid the crew members for the time they spent eating lunch. In addition, Employer required crew members, such as Claimant, to wear their beepers and uniforms throughout the day, even during their lunch break, so Employer could contact them at any time.

On July 22, 1994, Claimant suffered an accident while eating lunch at a Burger King restaurant. On that date, after completing a job assignment, and while en route to the next job site, the crew chief decided to stop for lunch at a Burger King restaurant. As usual, Claimant and the crew members wore their company uniforms and beepers while eating lunch so Employer could summon or dispatch them to a new assignment.

After finishing his lunch, and as Claimant was following his co-workers out of the restaurant, he slipped and fell in a puddle of water on the floor. As a result of the fall, Claimant sustained injuries to his left leg and lower back. Consequently, Claimant petitioned the Board for workers' compensation benefits.

The Board concluded that Claimant did not suffer a compensable work injury. Essentially, the Board decided that Claimant was not furthering his employer's interests at the

time he was injured since he was on his lunch break. Therefore, the Board held that the accident did not occur during the course and scope of Claimant's employment. Claimant timely appealed the Board's decision. This is the Court's ruling.

## II. Standard of Review

Whether Claimant's injuries occurred in the course and scope of his employment is a legal conclusion determined by the facts. *Collier v. State,* Del.Super., C.A. No. 93A–06–022, Del Pesco, J., 1994 WL 381000 (July 11, 1994) (ORDER) (citing *Histed v. E.I. DuPont de Nemours & Co.,* Del.Supr., 621 A.2d 340 (1993)). On an appeal from a decision of the Industrial Accident Board, the function of the Superior Court is to decide whether the Board's conclusions are supported by substantial evidence and are free from legal error. *General Motors Corp. v. Freeman,* Del.Supr., 164 A.2d 686, 688 (1960); *Johnson v. Chrysler Corp.,* Del.Supr., 213 A.2d 64, 66 (1965). Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Oceanport Indus. Inc. v. Wilmington Stevedores, Inc.,* Del.Supr., 636 A.2d 892, 899 (1994). This Court, acting as the appellant court, does not weigh the evidence, determine questions of credibility, or make its own factual findings. *Johnson,* 213 A.2d at 66. It simply determines whether the evidence is legally adequate to support the Board's factual findings. 29 *Del.C.* § 10142(d).

## III. Discussion

The Board held that Claimant had failed to satisfy his burden of establishing that he suffered a personal injury which arose "out of and in the course of [his] employment." *See* 19 *Del.C.* § 2301(15); *Histed,* 621 A.2d at 343. Delaware Workers' Compensation law defines a compensable personal injury as a:

Personal injury sustained by accident arising out of and in the course of the employment [but it] [s]hall not cover an employee except while the employee is engaged in, or about the premises where the employee's services are being performed, which are occupied by, or under the control of, the employer (the employee's presence being required by the nature of the employee's employment), or while the employee is engaged elsewhere in or about the employer's business where the employee's services require the employee's presence as a part of such service at the time of the injury . . . .

19 *Del.C.* § 2301(15). This section has been interpreted as the "going and coming" rule of employer nonliability. *Histed,* 621 A.2d at 343. Put another way, the rule denies workers' compensation benefits to employees who sustain injuries while traveling to and from work since those employees encounter the same risks during their daily commute as does the general public. *See Devine v. Advanced Power Control, Inc.,* Del.Super., 663 A.2d 1205, 1210 (1995). Those hazards are the same risks which confront employees on personal excursions. *Id.*

The Board applied the "going and coming" rule to Claimant's case and held that because Claimant was on his lunch break his injuries did not arise out of the course and scope of his employment. In so holding, the Board examined two recent Delaware cases, *Histed* and *Devine,* which discussed the going and coming rule and its exceptions. *See Histed,* 621 A.2d at 340; *Devine,* 663 A.2d at 1205. The Board found that none of the exceptions to the rule applied to Claimant's case. The Board noted that the *Devine* case had expanded the exceptions to the rule to cover "traveling employees," i.e., where the employer dispatched a claimant to work at a temporary job site and when such a claimant was injured while so traveling. The Board, however, found that the case law with regard to lunch breaks remained the same. Accordingly, the Board held that Claimant was not entitled to workers' compensation benefits.

In the Court's view, the Board, however, erred in its legal conclusion. The Court finds that the Board failed to recognize the crucial distinction laid out in the *Devine* holding between employees with fixed and semi-

fixed places of employment.[1] The *Devine* court *declined* to apply the going and coming rule to a claim where the employee did not work at a fixed location. *Devine*, 663 A.2d at 1205. In *Devine*, the employee suffered injuries as a result of a car accident occurring while he was returning home after installing electrical equipment on the premises of his employer's customer. *Id.* This Court held that the employee was injured in the course of employment since he had a semi-fixed place of business and his travel was a substantial part of his employment. *Id.*

Consequently, the *Devine* court carved out a specific exemption to the rule for "traveling employees." Traveling employees are those workers who have semi-fixed places of business and whose employment involves substantial travel. The "going and coming" rule is inapplicable to these employees because travel is an integral part of their employment. However, what remains unclear, and the issue on appeal, is whether the Workers' Compensation Act covers "traveling employees" while they are engaged in activities outside of actual travel. Specifically, this Court must decide whether traveling employees are within the course and scope of their employment when, while traveling, they perform acts which minister to their personal comfort.

■ Professor Larson's treatise on Workers' Compensation has consistently acknowledged that traveling employees should recover for injuries that occur while "on the road."

> Employees whose work entails travel away from the employer's premises are held in the majority of jurisdiction[s] to be within the course of their employment continuously during the trip, except when a distinct department on a personal errand is shown. [footnote omitted]. *Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.*

1A A. Larson, *The Law of Workmen's Compensation* § 25.00 (1995) (emphasis added). The rationale behind this theory is rather simple:

> [W]hen the travel is essentially part of the employment, the risk of [injury during activities necessitated by travel] remains an incident to the employment even though the employee may not actually be working at the time of the injury.

*Pacific Power & Light, v. Jacobson,* 121 Or. App. 260, 854 P.2d 999 (1993) [2] (citing *SAIF v. Reel,* 303 Or. 210, 735 P.2d 364 (1987)). This is not to say that all injuries occurring while the employee is "on the road" are compensable. Rather, only those injuries that are reasonably related or are incidental to the employer's business are compensable. In other words, personal deviations from the employer's business which break the causal connection are beyond the scope of this rule and do not arise out of the course and scope of employment. Put another way:

> Employees who, within the time and space limits of their employment engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment.

1. While the present case and the *Histed* case differ because the Claimant here has a semi-fixed place of employment, it is noteworthy that the *Histed* court found that the existence of an identifiable amount of travel pay was "strong evidence" that an employee's trip was within the course and scope of employment. *Histed,* 621 A.2d at 345 (citations omitted). In the present case, Employer paid Claimant for this travel time and while he was on his lunch break.

2. In *Pacific Power & Light v. Jacobson,* the Oregon court held that an employee, who injured himself falling off a stool in a restaurant while eating lunch, was entitled to benefits. Employer here argues that the *Jacobson* case should not persuade this Court since, in Employer's view, its precedential value is flawed because the Oregon court reversed its prior findings without explanation as to why it changed its position. Employer further argues that this Court should not rely on the *Jacobson* holding since the law on which it is based does not conform to the Delaware Supreme Court's decision in *Histed v. E.I. DuPont de Nemours,* Del.Supr., 621 A.2d 340 (1993). First, this Court is not concerned with the reasons behind the Oregon court's "change of heart" since the logic in its end result is sound. Secondly, this Court has already determined that the "going and coming" rule and the "special errand" exception discussed in *Histed* are inapplicable in the case before the Court.

*Ford v. Bi–State Dev. Agency,* Mo.Ct.App., 677 S.W.2d 899, 902 (1984).

Employer argues that Professor Larson's "traveling employee" rule should not apply to the present situation because the treatise relies on cases that consist of much more "travel" i.e., business trips, conferences etc., than the travel involved here. The amount and distance of travel, however, is only relevant when determining if the activity in question was reasonably related or incidental to the employer's business.

■ Therefore, bearing in mind that the Workers' Compensation Act should be construed liberally, *Children's Bureau v. Nissen,* Del.Super., 29 A.2d 603 (1942), this Court finds that "traveling employees" are within the course and scope of their employment while engaging in acts which minister to their personal comfort. This approach is consistent with Delaware case law which holds that "an injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment, or has a reasonable relation to it." *Dravo Corp. v. Strosnider,* Del.Super., 45 A.2d 542 (1945). This Court finds that, in certain cases, acts which minister to the traveling employees' personal comfort are reasonably related to the Employer's business.

■ This holding does not mean that the Workers' Compensation Act covers traveling employees at all times when they are not in their homes. Rather, employees are only covered when, viewing the totality of the circumstances, they engage in acts that are reasonably incident to their employment. Certainly, "[a] pause by an employee within the reasonable limits of time and place to satisfy the needs of the body for food or drink, or even refreshment, may well be considered reasonably incidental to his work." *Ford,* 677 S.W.2d at 902.

■ Turning to the case *sub judice,* the Court holds that Claimant's injury was compensable. First, Claimant here qualifies as a traveling employee. The facts indicate that Claimant had a semi-fixed place of work and his employment required a substantial amount of daily travel. Second, the Court finds, by viewing the totality of the circumstances, that Claimant's lunch break was reasonably related to Employer's business. At the time of Claimant's injury, he was traveling with his crew on direct route from one customer's premise to another work site. Claimant wore his uniform and beeper so that Employer could contact him while he ate lunch. Employer paid Claimant for his travel time and his lunch break. These factors not only indicate that Claimant's lunch at Burger King was incidental to his employment, they further suggest that Employer had a degree of control over Claimant and the other crew members while they were on their lunch break.

While it is true that Claimant was not actually furthering his employer's business, i.e., he wasn't cleaning carpets as he ate his burger and fries, it is no less true that it was convenient for Employer to have his workers eat lunch while en route to the next customer's site. Indeed, it would have been impossible for these employees to go their separate ways for lunch. Employees had less than an hour to eat and they were driving together in the same van. Moreover, contrary to the Board's decision, it is irrelevant that the crew members chose to eat at Burger King instead of another establishment since that decision was circumscribed by the circumstances of their employment.

Therefore, the Court concludes that Claimant's injury "arose out of and in the course of [Claimant's] employment" as required by 19 *Del.C.* 2301(15). Claimant, when eating lunch at the Burger King, was engaging in an act that was reasonably related to the performance of his employment duties. Consistent with the policy and purpose of this the Worker's Compensation Act, Claimant is entitled to benefits. Accordingly, this Court *REVERSES* the Board's decision in this matter and *REMANDS* the case back to the Board for determinations compatible with this decision.

It Is So ORDERED.