# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARVEY HANNA ASSOCIATES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N19A-08-001 CLS |
| | ) | |
| WILLIAM SHEEHAN, | ) | |
| | ) | |
| Appellee. | ) | |

Date Submitted: March 2, 2020
Date Decided: June 5, 2020

*Upon Consideration of Appellant Harvey Hanna Associate's Appeal from the
Industrial Accident Board*
**Affirmed.**

Andrew J. Carmine, Esquire, Elzufon Austin & Mondell, Wilmington, Delaware, Attorney for Appellant.

Frederick S. Freibott, Esquire, The Freibott Law Firm, P.A., Wilmington, Delaware, Attorney for Appellee.

**SCOTT, J.**

1

Before this Court is Appellant Harvey Hanna Associates' ("Appellant") appeal from a decision of the Industrial Accident Board ("Board")[1] finding that Appellee William Sheehan was due additional compensation. For the following reasons, the Board's decision is AFFIRMED.

## Background[2]

William Sheehan injured his head while working for Appellant on August 5, 2013. Sheehan received total disability benefits from August 5, 2013 through December 11, 2015, at which time Sheehan voluntarily terminated his entitlement to total disability benefits. On July 3, 2018, Sheehan filed a Petition to Determine Additional Compensation Due, seeking a finding that he suffered a recurrence of total disability effective January 25, 2018. After the Board held a hearing on Sheehan's petition, the Board found that Sheehan suffered a recurrence of total disability and that Sheehan was entitled to additional compensation.

## Parties' Assertions

Appellant argues that the Board committed legal error when it found Sheehan's total disability recurred on January 25, 2018. Appellant argues that there

---

[1] The Court acknowledges that the instant case is an appeal from a decision of a hearing officer and not the Industrial Accident Board. For brevity's sake, the Court will use the term "Board" to refer to the decision-making body. *See* 19 *Del. C.* § 2301B(a)(3) ("[T]he hearing officer's decision has the same authority as a decision of the Board and is subject to judicial review on the same basis as a decision of the Board.").

[2] All the facts laid out herein are from the Board's Decision on July 1, 2019.

2

was not substantial evidence supporting the Board's decision; in fact, Appellant argues, there was sufficient evidence to the contrary. Appellant contends that the Board made inconsistent findings when it found that Sheehan suffered a recurrence of total disability when it had already found, in 2018, that Sheehan's treatment was improving his condition.

In response, Sheehan argues that the Board's decision was free from legal error and was supported by substantial evidence. Sheehan contends that the Board properly found the change in his condition to be the four, week-long hospitalizations that Sheehan has had to endure since he voluntarily agreed to "partial disability" status in December 2015. Sheehan acknowledges that the Board received conflicting medical testimony about Sheehan's ability to work. However, Sheehan argues that the Board decides issues of credibility; thus, Sheehan contends that the Board permissibly found his witnesses to be more credible than Appellant's witness.

In reply, Appellant argues that the Board applied the wrong legal standard when it found a recurrence of Sheehan's total disability. According to Appellant, the Board needed to evaluate whether Sheehan's condition worsened; instead, the Board evaluated whether there was a change in Sheehan's treatment, which, Appellant argues, is not the legal standard. Finally, Appellant reiterates its argument that there was no evidence in the record showing Sheehan's condition worsened and that, instead, there was substantial evidence to the contrary.

## Standard of Review

On an appeal from a decision of the Industrial Accident Board, this Court determines whether the Board's conclusions are supported by substantial evidence and are free from legal error.[3] The Court does not weigh the evidence, determine questions of credibility, or make its own factual findings. Instead, it evaluates whether the evidence is legally adequate to support the Board's factual findings.[4] "If the record supports the Board's findings, the [C]ourt must accept them even though, acting independently, the [C]ourt might reach different conclusions."[5]

## Discussion

After a claimant voluntarily terminates his benefits, the claimant bears the burden of establishing his right to additional benefits by showing that he suffered a recurrence of total disability.[6] The Delaware Supreme Court defines "recurrence" as "the *return* of an impairment without the intervention of a new or independent accident."[7] Work restrictions that continue to impair an individual in the same manner do not support a finding that the individual had a recurrence of total

---

[3] *Bedwell v. Brandywine Carpet Cleaners*, 684 A.2d 302, 304 (Del. Super. 1996) (citing *General Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).
[4] 29 *Del. C.* § 10142(d); *Bedwell*, 684 A.2d at 304.
[5] *Parke v. Sunrise Assisted Living, Inc.*, 2005 WL 268044, at *1 (Del. Super. Jan. 31, 2005).
[6] *Chubb v. State*, 961 A.2d 530, 535 (Del. 2008); *Cullen v. State*, 2007 WL 1241841, at *1 (Del. Apr. 30, 2007).
[7] *Chubb*, 961 A.2d at 535 (emphasis in original); *DiSabatino & Sons, Inc. v. Facciolo*, 306 A.2d 716, 719 (Del. 1973).

4

disability.[8] If a condition has not changed for the worse, then no "recurrence" has occurred.[9]

The Board did not commit legal error when it concluded that Sheehan suffered a recurrence of total disability. The Board identified Sheehan's "somewhat regular yearly weeklong hospitalizations" as the change in Sheehan's condition. Sheehan had not undergone these hospitalizations prior to his voluntary termination of benefits on December 11, 2015. Appellant would like this Court to conclude that the Board applied the wrong legal standard because new treatment does not equate to a worsened condition. However, the necessity of these hospitalizations evidences how Sheehan's condition worsened since he voluntarily terminated his benefits.[10] Prior to his voluntary termination of benefits, Sheehan was not hospitalized for a week on an almost annual basis. After his voluntary termination of benefits, Sheehan needed to be hospitalized for a week on an almost annual basis. Therefore,

---

[8] *Id.* at 535–36 ("Furthermore, a slight change in impairment will not support a finding of recurrence in total disability. Because a slight change in impairment does not support a finding of recurrence, neither does a continuation of impairment.").

[9] *Robbins v. Helmark Steel*, 2011 WL 4436762, at *3 (Del. Sept. 26, 2011); *Chubb*, 961 A.2d at 535.

[10] *Cf. Publisher's Circulation Fulfillment v. Humber*, 2003 WL 1903777, at *3 (Del. Super. Apr. 17, 2003) (finding that there needed to be evidence of a change in circumstances before the Board could find recurrence); *Bradley v. Waco Scaffolding & Equip.*, 1997 WL 819131, at *2 (Del. Super. Dec. 8, 1997) (requiring evidence of a change in condition between the time of voluntary termination and the filing of the petition in order to find recurrence).

the Board did not commit legal error when it concluded that Sheehan's condition worsened and he suffered a recurrence of total disability.

Furthermore, there was substantial evidence supporting the Board's conclusion that Sheehan suffered a recurrence of total disability. Dr. Cramer, Sheehan's family physician, testified during the hearing about Sheehan's hospitalizations. Appellant does not dispute that these hospitalizations occurred; instead, Appellant highlights other evidence in the record showing that Sheehan's condition was improving. Although Sheehan's treatment might have been helping reduce his everyday pain, this does not mean that Sheehan's condition was not worse on January 25, 2018 than it was on December 11, 2015. There is some evidence in the record showing that on January 24, 2018 Sheehan *felt* the best that he had felt since the accident, but this does not mean that Sheehan's condition was not worse. By January 25, 2018, Sheehan had already been hospitalized three times to treat headaches that were "totally out-of-control" and could not be treated by any other method. Sheehan also had to be hospitalized for a fourth time on April 10, 2018. Further, Sheehan had "mostly bad days" in July 2018 and during the winter holidays in 2018. Although one doctor found that Sheehan was not "totally disabled," three other doctors found that Sheehan was "totally disabled."[11] Accordingly, the Court

---

[11] *See Popken v. State*, 2013 WL 1871754, at *3 (Del. Super. Apr. 23, 2013) ("The role of the Court is not to overturn the Board's credibility determinations where, as here, such determinations are supported by substantial evidence."); *Parke*, 2005

finds that there was substantial evidence in the record supporting the Board's finding that Sheehan suffered a recurrence of total disability.

## Conclusion

For the forgoing reasons, Appellant's Appeal from the Board's decision is **DENIED** and the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

_____

**The Honorable Calvin L. Scott, Jr.**

---

WL 268044, at *2 ("In a battle of the experts, the Board is free to choose between the opinions and the court's role is limited to determining whether the evidence relied upon is legally adequate to support the Board's findings.").