# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| WILLIAM FASANO, | ) | |
| | ) | |
| Claimant-Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N22A-08-005 CLS |
| | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| NATURAL RESOURCES & | ) | |
| ENVIRONMENTAL CONTROL, | ) | |
| | ) | |
| Employer-Below, | ) | |
| Appellee. | ) | |

Date Submitted: November 1, 2023
Date Decided: February 2, 2024

*Upon Appellant's Appeal from the Order of the Merit Employee Relations Board.*
**REMANDED.**

## ORDER

Kate Butler, Esquire, Kate Butler Law LLC, Wilmington, Delaware, 19806, Attorney for Claimant Below-Appellant.

Devera Breeding Scott, Esquire, Delaware Department of Justice, New Castle, Delaware, 19720, Attorney for Employer-Below/Appellee.

**SCOTT, J.**

1

**INTRODUCTION**

Before this Court is Appellant William Fasano's ("Claimant") appeal from the decision of the Merit Employee Relations Board ("Board"). The Court has reviewed the parties' submissions and heard argument on the issue. For the following reasons, the Board's decision is **REMANDED.**

**BACKGROUND**

This case involves Claimant's termination from the Department of Natural Resources and Environmental Control (DNREC) after approximately ten years serving as the Superintendent of Bellevue State Park. The issues on appeal relate to the timeliness of the filing of his grievance appeal to the MERB.

On April 8, 2021, Fasano received the notice of his termination via e-mail to his personal e-mail address. On May 6, by and through his attorney, Mr. Koller, Esq., he sent his Appeal to the Department of Human Resources and the MERB via mail through the United States Postal Service (USPS). It is undisputed that the letter was properly addressed, postage paid with unmistakable markings at the bottom indicative of processing by USPS.

On May 11, 2021, an administrator at the Department of Human Resources stamped the envelope as having been "received."

On February 3, 2022, Mr. Fasano appeared at the hearing before the MERB on his appeal with his then-attorney, Mr. Koller, who is licensed to practice in the

Commonwealth of Pennsylvania. Counsel to DNREC, Ms. Devera Scott, objected to the presence of Mr. Fasano's representative on the basis that Mr. Koller is not a licensed Delaware attorney. Accordingly, Mr. Fasano appeared *pro se*. The Board convened to hear a preliminary Motion to Dismiss filed by DNREC, arguing the timeliness of the filing of the appeal. On February 28, 2022, the Board denied the motion without prejudice finding the question still remained whether Mr. Fasano met the 30-day time period under Merit Rule 12.9. The February 2022 order explained, "In the absence of a postmark, the Board, like the courts, will follow the common law 'mailbox rule' which equates to the time of filing with the time of mailing." Additionally, the order found DNREC did not rebut the presumption under the mailbox rule that the appeal was timely mailed and therefore timely filed.

At the next scheduled hearing date on June 16, 2022, this time, represented by the undersigned Delaware counsel, the Board proceeded to hear the merits of the case.

Though the Board heard evidence on the merits, it concluded the hearing by ruling on the procedural question upon which it had taken testimony earlier in the day. Ultimately, the Board decided it had no jurisdiction to hear the appeal because it had been filed untimely. It issued a written decision reflecting same on July 26, 2022. The July 2022 Order at issue here explained that "The Board heard testimony from Mr. Koller and Mr. Kenton but neither had direct knowledge of mailing this

3

grievance. [Mr. Fasano] failed to prove any evidence as to the date and method of mailing his grievance. Thus, the Board finds that the common law mailbox rule does not apply." This appeal timely followed.

Mr. Fasano filed his opening brief on May 30, 2023. DNREC filed its answering brief on June 16, 2023. Mr. Fasano subsequently relied on June 26, 2023. The Court heard oral argument on November 1, 2023.

## STANDARD OF REVIEW

On appeal from the Merit Employee Relations Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[1]  In reviewing the actions of the agency, the Court is required "to search the entire record to determine whether, on the basis of all the testimony and exhibits before the agency, it could fairly and reasonably reach the conclusion that it did."[2]  The Court does not "weigh evidence, determine questions of credibility or make its own factual evidence findings."[3]  When a discretionary ruling of the Board is appealed, the Court's scope of review is "limited to whether

---

[1] *Bedwell v. Brandywine Carpet Cleaners*, 684 A.2d 302, 304 (Del. Super. 1996) (*citing General Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).
[2] *Nat'l Cash Register v. Riner*, 424 A.2d 669, 674–75 (Del.Super.1980).
[3] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 67 (Del.1965).

4

the Board abused its discretion."[4]    The Court reviews the agency's legal

determinations *de novo*.[5]

## DISCUSSION

*MERB misapplied the mailbox rule when it determined Mr. Fasano's appeal was untimely*

The only question before this Court is whether Mr. Fasano mailed his appeal

form on or before May 10, 2021 based upon MERB accepting the common-law

mailbox rule for timely filing of appeals. The facts relating to the mailbox rule

application are not in dispute. Mr. Fasano mailed his dual appeal form to MERB and

DHS, the envelope arriving at DHS was properly address, the postage stamps were

affixed, the mail arrived by United States Postal Service to DHS, and DHS received

the mailed appeal form on May 11, 2021. There is no dispute that Mr. Fasano had

until May 10, 2021, to file his appeal. The Board makes clear it accepts the common-

law mailbox rule for timely filing of appeals. In fact, according to the Board's

February 2022 order, "In the absence of a postmark, the Board, like the courts, will

follow the common law 'mailbox rule' which equates to the time of filing with the

time of mailing." Further, the Board explains that if a document is properly mailed,

the court will presume the United States Postal Service delivered the document to

---

[4] *Funk v. Unemployment Ins. Appeal Bd.*, Del.Supr., 591 A.2d 222, 225 (1991).
[5] *Roos Foods v. Guardado*, 152 A.3d 114, 118 (Del. 2016); *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

5

the addressee in the usual time and in absence of a postmark, extrinsic evidence should be considered- like an affidavit from an attorney attesting that the letter was properly addressed, stamped and mailed in adequate time to reach addressee before the lapse of the deadline.

Regardless of this insightful explanation from its February 2022 order, the Board found in the July 2022 order that the testimony from neither Mr. Koller nor Mr. Kenton proved either had direct knowledge of mailing this grievance. So, according to the Board, Mr. Fasano failed to prove any evidence as to the date and method of mailing his grievance making the common law mailbox inapplicable. However, direct knowledge of mailing of the grievance is not necessary. The Board failed to consider that the extrinsic evidence it should have considered because of the lack of postmark, which includes, from the Board's February 2022 order, whether the letter was properly addressed, stamped and mailed in adequate time to reach DHS before the lapse of the deadline.

As established, there is no dispute that the letter was properly addressed, stamped, and contained unmistakable postal markings indicating processing by USPS, arrived at DHS. Based on the appeal being received on May 11th the only logical explanation for it being received on that date would be that it was put in the mail sometime before May 10th because the envelope clearly indicates processing by USPS. Therefore, according to the Board's reasoning, the time of mailing would be

May 10th making the time of filing also May 10th under the mailbox rule. Accordingly, this matter is **REMANDED** to the Board for further proceedings, consistent with this Order.

## CONCLUSION

Therefore, for the foregoing reasons, the decision of the Board is **REMANDED**.

**IT IS SO ORDERED.**

<u>**/s/ Calvin L. Scott**</u>
**Judge Calvin L. Scott, Jr.**

7