Argued November 18, 1969, reversed and remanded
January 15, 1970

JORDAN, *Appellant, v.* WESTERN ELECTRIC
CO., *Respondent.*

463 P. 2d 598

*Robert A. Bennett,* Portland, argued the cause for
appellant. With him on the briefs were Willner, Ben-
nett & Leonard, Portland.

*Howard M. Feuerstein,* Portland, argued the cause for respondent. With him on the brief were Davies, Biggs, Strayer, Stoel and Boley, Portland.

LANGTRY, J.

This appeal presents a first-impression question under the Oregon Workmen's Compensation Law: whether an employe who is injured off the employer's premises during a paid coffee break has suffered an injury "arising out of and in the course of employment." ORS 656.002(6).

Claimant is employed by Western Electric Co., Inc., as a telephone installer. On the day he was injured he had been transferred from day to night shift, but he had, on previous occasions, been on the night shift. The applicable union contract provides for two paid 15-minute relief periods during each shift. During day shifts, employes used a company-operated restaurant for these relief periods, but during the night shift the restaurant was closed. Coin-operated canteen facilities, including coffee, were available on the premises, but most of the night employes and their supervisor customarily went for coffee to the closest restaurant, which was located about two and one-half blocks away.

The claimant, at the supervisor's suggestion, accompanied his superior and all the other night employes, except one, to this restaurant for the coffee break. During the return claimant slipped on a curb and was injured.

The claim was filed under the Workmen's Compensation Law and denied by the hearing officer, the

Workmen's Compensation Board, and the circuit court, successively.

"Generally, injuries sustained by employees when going to or coming from their regular place of work are not deemed to arise out of and in the course of their employment. *Philpott v. State Ind. Acc. Com.,* 234 Or 37, 379 P2d 1010 * * *." *White v. S.I.A.C.,* 236 Or 444, 447, 389 P2d 310 (1964).

But in *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790 (1947), at page 279, the same court said:

"* * * [W]e do not believe that the Workmen's Compensation Law selects the threshold of the factory as the dividing line which decides whether or not an injury happened 'out of and in the course of' an employment * * * courts consider the nature, conditions, obligations and incidents of employment * * *."

In Workman Compensation Practice in Oregon 64-65, § 7.4 (published by the Oregon State Bar Committee on Continuing Legal Education—1968), it is said:

"No satisfactory formula has been devised to determine whether the injury-producing activity arises out of and in the course of employment. The following factors, however, have been considered:

"a) Whether the activity was for the benefit of the employer, *Ramseth v. Maycock and SIAC,* 209 Or 66, 75-77, 304 P2d 415 (1956);

"b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later, *Ramseth v. Maycock and SIAC,* supra;

"c) Whether the activity was an ordinary risk of, and incidental to, the employment, *Stuhr v. SIAC,* 186 Or 629, 636-637, 208 P2d 450 (1949) and

*Brazeale v. SIAC,* 190 Or 565, 577, 227 P2d 804 (1951);

"d) Whether the employee was paid for the activity, *Adams v. SCD,* 86 Or Adv Sh 597, — Or —, 439 P2d 628 (1968);

"e) Whether the activity was on the employer's premises, *Adams v. SCD,* supra;

"f) Whether the activity was directed by or acquiesced in by the employer, *Munson v. SIAC,* 142 Or 252, 260, 20 P2d 229 (1933); *In re Jimmy E. Lynch,* WCB No. 515 (1967); and *Brazeale,* supra;

"g) Whether the employee was on a personal mission of his own, *Holland v. Hartwig,* 145 Or 6, 24 P2d 1023 (1933)."

The hearing officer, the Workmen's Compensation Board, which split 2 to 1 in its decision, and the circuit court, each recognized that good reasons, besides precedents from other states, would sustain a decision either way. We agree that it is a borderline case. We have the benefit of excellent briefing of the case, and the opinions of the lower tribunals reflect the same briefing.

As noted, cases from other jurisdictions support different results,[1] and the reasoning in them is the

[1] Cases which allow recovery include Dyer v. Sears, Roebuck & Company, 350 Mich 92, 85 NW2d 152 (1957) (which expressly overrules Salmon v. Bagley Laundry Co., 344 Mich 471, 74 NW2d 1 (1955)); Sweet v. Kolosky, 259 Minn 253, 106 NW2d 908 (1960); Western Greyhound Lines v. Industrial Acc. Com., 225 Cal App 2d 517, 37 Cal Rptr 580 (1964); State Comp. Ins. Fund v. Workmen's Comp. App. Bd. (Cardoza), 67 Cal2d 925, 64 Cal Rptr 323, 434 P2d 619 (1967); Coyle v. Gray et al, 73 NYS2d 277 (Sup Ct 1947); Caporale v. Department of Taxation & Finance, 2 AD2d 91, 153 NYS2d 738 (1956), aff'd 2 NY2d 946, 142 NE2d 213 (1957).

Cases which disallow recovery where the employe was doing a personal errand on paid coffee-break time, include Balsam v.

basis for comments on the applicable rules found in 1 Larson's Workmen's Compensation Law 245-49, § 15.54 (1968):

> "Now that the coffee break has become a fixture of many kinds of employment, close questions continue to arise on the compensability of injuries occurring off the premises during rest periods or coffee breaks of various durations and subject to various conditions. It is clear that one cannot announce an all-purpose 'coffee break rule,' since there are too many variables that could affect the result. * * * [V]ariables may involve the question whether the interval is a right fixed by the employment contract, whether it is a paid interval, and whether there are restrictions on where the employee can go during the break.

> "The operative principle which should be used to draw the line here is this: If the employer, in all the circumstances, including duration, shortness of the off-premises distance, and limitations on off-premises activity during the interval, can be deemed to have retained authority over the employee, the off-premises injury may be found to be within the course of employment * * *.
>
> "* * * * * *

New York State Division of Employment, 24 AD2d 802, 263 NYS2d 849 (1965); Glens Falls Ins. Co. of Glens Falls, N. Y. v. Anderson, 280 Ala 626, 197 So2d 276 (1967); Kunce v. Junge Baking Company, 432 SW2d 602 (Mo Ct App 1968). Among other cases which disallow claims are: Greenfield v. Mfrs. Cas. Co., 198 Tenn 452, 281 SW2d 47 (1955) (employe had evening meal paid for because she was to return for evening work, but she was not paid for her time taken during the meal break); Schwab v. ILHR Department, 40 Wis2d 686, 162 NW2d 548 (1968) (Employe attended an evening social function arranged and paid for by employer. No business was transacted and employe's time was not paid for.) Bronson v. Joyner's Silver & Electroplating, Inc., 268 Minn 1, 127 NW2d 678 (1964) ("* * * they could eat on the premises or * * * eat elsewhere. The employer exercised no supervision or control * * * and they were not paid for their time * * *"). 268 Minn at 2.

"If the employees during the coffee break are expected to go to a particular off-premises place, the element of continued control is adequately supplied. In *Sweet v. Kolosky* [259 Minn 253, 106 NW2d 908 (1960)], the claimant fell on a public sidewalk between the place of employment and the drugstore where all employees were permitted, by their employment agreement, to go for a coffee break because of lack of facilities on the premises. Compensation was awarded."

Although the facts are not analagous, we are persuaded by the principles enunciated by Mr. Justice Burke in *Cardoza,* cited in Footnote 1, supra,. recently decided by the California Supreme Court. There, the workman claimant on a hot day during a paid coffee break went swimming in an off-premises canal and was injured. The injury was held by the Board to have arisen out of and in the course of employment because: (1) it was on paid time; (2) the foreman knew about it, and implied it should be kept quiet but did not forbid it; (3) other employes had been in this canal on employer time before and it was impliedly consented to, and (4) it was a benefit to the employer because it refreshed the employe and made him more useful on the job. Mr. Justice Burke's opinion affirmed the Board, saying the holding was:

"* * * in accord with the 'personal comfort' doctrine, under which the course of employment is not considered broken by certain acts relating to the personal comfort of the employee, as such acts are helpful to the employer in that they aid in efficient performance by the employee. On the other hand, acts which are found to be departures effecting a temporary abandonment of employment are not protected. (Comment, *Workmen's Compensation: The Personal Comfort Doctrine* (1960) Wis. L.Rev. 91 * * *." 67 Cal2d at 928.

The court then said:

> "* * * [I]n the light of the established principle of liberal construction in favor of the employee [citing cases] the award * * * should not be disturbed." 67 Cal2d at 928.

*Livingston v. State Ind. Acc. Com.*, 200 Or 468, 472-73, 266 P2d 684 (1954), was a case in which the claimant's decedent was killed while en route to his job site. The court emphasized that the injury occurred during paid time, and held that compensation must be awarded, saying:

> "This court has uniformly held that the provisions of the Workmen's Compensation Law should be interpreted liberally in favor of the workman, and particularly should this be so when we are confronted with a 'borderline case'. In the interests of justice, and to carry out the humane purposes of the Compensation Law, all reasonable doubts should be resolved in favor of the workman.
>
> "* * * * *
>
> "We hold that if an employer pays for the employe's time during his travel from the job site to his home, the relationship of employer and employe continues * * *."

Applying the rules and tests reviewed above to the case at bar, we consider the claimant's activity when he was injured was for the benefit of the employer as well as himself; it was contemplated by the employer and claimant under the contract of employment; it was acquiesced in by the employer; there was an element of employer control exercised because the supervisor accompanied the employes; and the claimant was paid for the time involved. The claimant was not on a personal mission. These facts taken together outweigh the presence of canteen facilities on the

premises and the fact of claimant's being off the premises and not performing the regular function of his job.

Reversed and remanded for further proceedings in accordance with this opinion.