Argued and submitted September 19, reversed November 3, 1980

In the Matter of the Compensation of

HALFMAN,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. 79-3956, CA 17674)

618 P2d 1294

Nick Albrecht, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellant Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The referee in this Workers' Compensation case determined that claimant's injuries, which he suffered when he was hit by an automobile, were not compensable because they did not arise out of and in the course of his employment. The Workers' Compensation Board (Board) affirmed, adopting the referee's opinion and order, and claimant appeals. We reverse.

In order to consider the merits of this case, we must discuss the claimant's situation in some detail:

Claimant was employed at the time of the accident by Goodwill Industries as an attendant at one of Goodwill's collection centers, a truck trailer located in a parking lot, at 105th and Washington Streets in Portland. Claimant's shift was 8:30 a.m. to 5 p.m., with an unpaid lunch period from 12:30 p.m. to 1 p.m.

Attendants are allowed two 15 minute paid coffee breaks per day, one in the morning and one in the afternoon. The scheduled break times are 10:30 a.m. and 3 p.m., but attendants are allowed to take their breaks at other times if they call in to report their absence from the trailer. There are, however, no telephones in the trailers, nor are there water or toilet facilities in them. Claimant's supervisor testified that the normal coffee break is 10 minutes, but that the trailer attendants are allowed an extra 5 minutes per break because they have no facilities in the trailers and have to use neighborhood refreshment and restroom facilities.

Claimant testified that he often did not take his coffee breaks because the procedure of closing up the trailer and reopening it did not leave time enough to travel to a restaurant, have something to drink and return. On the day of his injury, claimant did not take his break at 10:30 a.m., but took it right before his scheduled lunch period. He testified that he closed up the trailer at about 12:20 p.m. and left to find a restroom. The nearest gas station was closed and he proceeded to another station about a block further away.

After using the restroom, claimant planned to go to a convenience store at 102nd and Burnside to buy

something to drink with his lunch, which he had left in the trailer and which he intended to eat there. He also intended at that time to buy something to drink later, on his afternoon break. He started for the convenience store, but then decided it would be quicker to stop at a market on the other side of 102nd Street. He started across the busy street, and was nearly across when he was struck by a car and injured. The evidence indicates that the accident occurred at about 12:35 p.m.

Claimant contends that his injury arose out of and in the course of his employment under the so-called "personal comfort doctrine," because the employer provided no facilities for its employes and expected them to use the facilities in the neighborhood as necessary. The employer, on the other hand, argues that claimant was on an unpaid lunch period and on a personal mission of his own when the injury occurred. It argues that, under the "coming and going rule," the injury is not compensable.

ORS 656.005(8)(a) defines a "compensable injury" as "an accidental injury * * * arising out of and in the course of employment * * *." The Supreme Court recently examined the question of compensability in *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980), in which it noted that the two elements, "arising out of" and "in the course of," have been treated as separate tests, both of which must be met for an injury to be compensable. However, in *Rogers* the court adopted a "unitary 'work-connection' approach in place of the customary mechanistic two-stage method of analysis * * *," 289 Or at 643. The court defined the ultimate inquiry as: "[I]s the relationship between the injury and the employment sufficient that the injury should be compensable?" *Id.,* at 642. It held that,

> "If the injury has sufficient work relationship, then it arises out of and in the course of employment and the statute is satisfied. Existing law regarding proximity, causation, risk, economic benefit, and all other concepts which are useful in determining work relationship remain applicable. Employment of a unitary test, more closely aligned with the purpose of the Act, will facilitate a simpler, cleaner, more direct inquiry into compensability." *Id.,* at 643-644.

The court also directed that

" 'The statutory phrase 'arising out of and in the course of employment" must be applied in each case so as to best effectuate the socio-economic purpose of the Worker's (*sic*) Compensation Act: the financial protection of the worker and his/her family from poverty due to injury incurred in production, regardless of fault, as an inherent cost of the product to the consumer.

" '

\* \* \* \* \*

" 'It is the basic purpose of the Act which gives weight to particular facts and direction to the analysis of whether an injury arises out of and in the course of employment.' "
*Id.,* at 642-643, quoting *Allen v. SAIF,* 29 Or App 631, 633-634, 564 P2d 1086, *rev den* (1977).

Injuries incurred in certain "personal comfort" activities incidental to employment have been held to be compensable. *See Clark v. U.S. Plywood,* 288 Or 255, 605 P2d 265, (1980); *Benafel v. SAIF,* 33 Or App 597, 577 P2d 99 (1978); *Olsen v. SAIF,* 29 Or App 235, 562 P2d 1234, 30 Or App 109, 566 P2d 1202, *rev den* (1977); *Casper v. SAIF,* 13 Or App 464, 511 P2d 451 (1973); *Jordan v. Western Electric,* 1 Or App 441, 463 P2d 598 (1970).

Of the cases we have found, or which have been cited to us by the parties, the case with the most closely analogous facts to the present case is *Jordan v. Western Electric, supra.* In that case, an employe injured while returning from an off-premises coffee break was awarded compensation. The employe was working on the night shift, during which the company-operated restaurant was closed. It was the custom of night shift employes to take their coffee break off premises, although vending machines were available on the premises. On the night of the injury, the employe accompanied other night employes, including his supervisor, to a restaurant about two and a half blocks away for a paid coffee break, slipped on a curb while returning and was injured. The injury was held to be compensable in an opinion that balanced various factors which had previously been relied upon in determing whether the activity from which injury resulted was one arising out of and in the course of employment.

In determining whether the activities in which the claimant in the instant case was involved are sufficiently

work-related to be compensable, we find the factors identified in *Jordan v. Western Electric, supra,* still to be helpful. Those factors are:

" 'a) Whether the activity was for the benefit of the employer, * * *;

" 'b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later, * * *;

" 'c) Whether the activity was an ordinary risk of, and incidental to, the employment, * * *;

" 'd) Whether the employee was paid for the activity, * * *;

" 'e) Whether the activity was on the employer's premises, * * *;

" 'f) Whether the activity was directed by or acquiesced in by the employer, * * *;

" 'g) Whether the employee was on a personal mission of his own, * * *.' " 1 Or App at 443-444 (citations omitted). *See also Benafel v. SAIF, supra; Casper v. SAIF, supra; Haugen v. SAIF,* 37 Or App 601, 588 P2d 77 (1978).

In reviewing these factors as they apply to the facts presented here, we find that, although claimant had gone out to find a restroom and something to drink for his own benefit, the employer was also benefited by claimant using the facilities in the neighborhood of the trailer because it was relieved of the burden of providing such facilities for its employes. The cost of the collection operation was substantially reduced from that which it might have been had the employer provided even water and toilet facilities for use by its employes.

The use of the neighborhood facilities was clearly contemplated by the employer and employe. Claimant's supervisor testified that collection center attendants were allowed an additional five minutes above the normal 10 minute break because they had to go out and find facilities in the neighborhood to satisfy their needs during the day. Although the employer was not aware that claimant would follow the particular route he did on the day of the injury, it is fair to assume that trips to obtain something to drink were contemplated, along with trips to find a restroom.

Although the risks encountered by this claimant, and the accident which resulted in his injury, are not the

risks encountered in an ordinary coffee break in most jobs, a different situation was established by the employer here when it provided no facilities for the use of its employes in its collection centers. In the situation so created, the risk of injury by automobile in a busy city street which claimant could reasonably have been expected to cross in order to find a restroom and something to drink was an ordinary risk of, and incidental to, that employment.

Claimant's activity of going out into the neighborhood to find a restroom and something to drink was acquiesced in by the employer. It is not necessary that the employer knew specifically where claimant intended to go, but only that the employer understood and expected that claimant would go out into the neighborhood to use the restroom and telephone and to find refreshment as necessary.

■ It is true that, in a sense, claimant was on a personal mission of his own at the time of the injury. However, his very limited objective was to find a restroom and get something to drink. This is the typical kind of coffee break activity that is contemplated by an employer. Claimant was not on the kind of personal mission involved in *Allen v. SAIF,* 29 Or App 631, 564 P2d 1086, *rev den* (1977), in which the claimant was going to conduct personal business at a bank, an activity which had nothing to do with his employment. The basis of the personal comfort doctrine is that certain activities by employes are expected and necessary and the conduct of those activities is not a departure from the employment relationship. *See Jordan v. SAIF, supra; Clark v. U.S. Plywood, supra;* 1A Larson's Workmen's Compensation Law, 5-1, § 20.0 *et seq.* (1979).

Claimant was not on the employer's premises when he was injured. It would be both artificial and unnecessary to suggest that the employer had adopted the neighborhood as its premises. Although on-premises injuries are more often found to be compensable because of the control exercised over the premises by the employer, where, as here, the employer has created the necessity for the employe to go off premises for basic necessities that are certain to arise during the day, we do not consider the fact that the injury did not occur on the employer's premises to be of great significance.

Nor are we persuaded that the fact the accident occurred a few minutes after 12:30, the time for the beginning of claimant's unpaid lunch period, is of great significance in this situation. Claimant was away from the trailer at which he was stationed for the very limited objectives of finding a restroom and something to drink. In other words, although he was not required to take it at that time, we find that the claimant was on a delayed coffee break, not his lunch break, at the time of the injury. Although not required to do so, he planned to eat his lunch at the trailer where he would apparently be available should goods be delivered there during his unpaid lunch period. He had not removed himself from the employment situation. Therefore, the fact that he was injured during what was originally intended to be the half-hour scheduled for an unpaid lunch is not dispositive in our assessment of whether the injury was work-related.

■       We conclude that, although claimant's injury occurred off the employer's premises and during the time scheduled for an unpaid lunch period, claimant has established a sufficient work connection between the activity which resulted in the injury and his employment. That activity was of some benefit to the employer, it was contemplated by the employer and employe at the time of hiring or thereafter, it was an ordinary risk and incidental to this particular employment situation, it was acquiesced in by the employer, and claimant was not on a personal mission of his own when injured. The injury is compensable.

Reversed.