Argued and submitted May 26, 2005, reversed and remanded for reconsideration of
award of attorney fees April 26, 2006

In the Matter of the Compensation of
Tony Cervantes, Jr., Claimant.

Tony CERVANTES, Jr.,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE CORPORATION
and Collins Pine Co. LLC.,
*Respondents.*

02-09478; A125495

134 P3d 1033

Robert F. Webber argued the cause for petitioner. With him on the briefs was Black, Chapman, Webber, Stevens & Petersen.

David O. Wilson argued the cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Ortega, Judge, and Deits, Judge pro tempore.

**DEITS, J. pro tempore**

Claimant seeks review of an order of the Workers' Compensation Board (board) which denied claimant's request for attorney fees. ORS 656.386(1); ORS 656.298 (2003), *amended by* Or Laws 2005, ch 188, § 3. We reverse and remand.

In August 2002, claimant filed a workers' compensation claim for a left groin pain. After an initial medical report indicated that claimant's injury could be a left inguinal hernia, insurer issued a notice of acceptance in October 2002, listing as the accepted condition a nondisabling "left inguinal hernia." Later in October, claimant underwent a laparoscopy, the results of which indicated that claimant did not have a left inguinal hernia. Claimant was then referred to a urologist. On November 7, 2002, insurer sent a letter to claimant, stating that medical records indicated that claimant did not have a hernia and, therefore, claimant's "current condition" was not work related. The letter stated that insurer was denying claimant's claim for benefits, "as your claimed condition did not arise out of and in the course and scope of your employment."

On the same day that insurer sent its denial letter, Dr. Maurer, a urologist, examined claimant and diagnosed claimant's injury as left adductor tendinitis. Claimant then requested a hearing on insurer's November 7 denial. In July 2003, before the requested hearing was held, insurer issued a modified notice of acceptance, listing a disabling left inguinal hernia as the accepted condition.

At the hearing before the administrative law judge (ALJ) in August 2003, claimant asserted that the denial letter raised issues of compensability. Claimant argued that the denial of the compensability of his "current condition" should be set aside because his employment was the major contributing cause of his left adductor strain. He also sought an award of attorney fees if he prevailed against the denial. At that time, insurer appeared to believe that compensability was at issue, arguing that claimant's condition was not compensable. Alternatively, insurer asserted that claimant's request for hearing was premature because claimant had not

made a formal claim for the left adductor tendinitis, and that a claim for that specific condition must be made before a hearing may be requested on the compensability of that condition.

The ALJ agreed with insurer that claimant's compensable claim was for left adductor tendinitis and that insurer's "current condition denial" did not relate to the left adductor tendinitis, because claimant had not filed a "new or omitted claim," pursuant to ORS 656.267(1), for the left adductor tendinitis. Consequently, the ALJ concluded that claimant's request for hearing was premature and that the board lacked authority to address the compensability of that condition. The ALJ dismissed claimant's request for hearing with respect to the denial and rejected claimant's request for attorney fees.

Claimant requested board review of the ALJ's decision, arguing that the denial should be set aside because it was either an invalid "back-up" denial of his previously accepted hernia or an invalid "current condition denial." Claimant further argued that, because insurer issued a modified notice of acceptance after he had requested a hearing, its modified acceptance constituted a rescission of its earlier denial, and therefore claimant was entitled to attorney fees under ORS 656.386(1).

The board concluded that it did have authority to consider the validity of insurer's denial of claimant's current condition and reinstated the hearing request. It then refused to address claimant's "back-up" denial argument, on the ground that claimant had not raised it to the ALJ. The board reasoned that insurer's "current condition" denial could not have included claimant's adductor tendinitis because the diagnosis of that condition occurred on the same day as the denial. The board held that the inguinal hernia remained accepted and, accordingly, there was no condition to which the denial could be applied, and the denial was therefore void. The board further concluded that, because the denial was void, claimant did not prevail over a denied claim, and, therefore, claimant was not entitled to attorney fees under ORS 656.386(1). Claimant seeks review of the board's denial of attorney fees.

■     On appeal, claimant argues, *inter alia*, that he is entitled to attorney fees under ORS 656.386(1)(a). That statute provides:

> "In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."

The issue in this case is whether a "denied claim" is involved and, if so, whether claimant did prevail against a denial or whether his attorney was instrumental in obtaining a rescission of a denial prior to a decision by the ALJ. Either ground would entitle claimant to attorney fees under ORS 656.386(1). The wording of insurer's November 7, 2002, denial is critical. Insurer stated:

> "You filed a claim for an occupational disease to your left groin area allegedly on or about July 3, 2002, while employed at Fremont Sawmill Division.

> "On October 15, 2002 Liberty Mutual accepted this nondisabling claim for left inguinal hernia. You underwent pelvic laparoscopy on October 25, 2002 to confirm and repair a suspected inguinal hernia. Medical records from Dr. McClure indicate that the pelvic laparoscopy was negative, with no hernia found.

> "Records reflect that you have now been referred to a Urologist for further treatment. As noted above, medical evidence fails to establish that your current condition is related to your work activities with Fremont Sawmill Division on or about July 3, 2002.

> "Without waiving any other defenses, *we deny your claim for benefits, as your claimed condition did not arise out of and in the course and scope of your employment.*"

(Emphasis added.)

Insurer argues on appeal that the board was correct that nothing was denied in the November 7 letter and, therefore, there was no denial for the claimant to overcome. Insurer acknowledges that the wording of the denial letter is confusing and that the denial was "inartful." The denial letter, insurer argues, was intended to deny the referral of the claimant to a urologist. However, insurer explains, because no medical costs relating to the urology referral had yet been incurred, the denial letter was premature. According to insurer, the modified notice of acceptance in July 2003 was merely for the purpose of changing the acceptance from a nondisabling to a disabling claim. Insurer acknowledges that the modified acceptance was an unusual procedure in this case because the medical evidence had established that the accepted condition, the left inguinal hernia, did not exist. Regardless of the unusual procedures that it used, insurer argues, there was no denial of claimant's claim, and claimant is not entitled to attorney fees under the provisions of ORS 656.386.

Claimant argues that, although it is not entirely clear what the November 7, 2002, letter was denying, the words used by the insurer in the denial indicate that it denied something. Claimant points to the language of the denial that states that insurer is *denying* claimant's "current condition." Claimant asserts that it would make no sense to construe the denial as having been issued by the insurer to deny nothing. He argues that he was forced to seek review of the denial, whatever it was denying. Claimant contends that had he not done so, the denial would have stood unchallenged and, arguably, insurer could have relied on it as a defense to existing and future claims that claimant might file. Claimant argues that his counsel's action in requesting a hearing on the denial "protected claimant from the risk of losing all rights to workers' compensation benefits for his claimed left groin and/or his current condition." He further argues that insurer's modified acceptance constituted a rescission of the denial, that insurer modified the acceptance after claimant sought review of the denial, and that, consequently, counsel was "instrumental in obtaining a rescission of the denial." Claimant contends that, under these circumstances, he is entitled to attorney fees under ORS 656.386(1).

For the reasons that we will explain, we agree with claimant that he is entitled to attorney fees under ORS 656.386(1). First, we believe that the case does involve a "denied claim" as required by ORS 656.386(1). ORS 656.386(1)(b)(A) defines a "denied claim" as

"[a] claim for compensation which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation[.]"

In this case, claimant had an accepted condition. Insurer then issued a letter that noted the accepted condition and then stated that medical evidence showed that the accepted condition did not exist. The denial letter then went on to say that insurer was denying claimant's claim for benefits and denying that claimant's claimed condition arose out of the course and scope of his employment. The wording of the denial is confusing at best. On judicial review, insurer explains that the letter was intended only to deny the referral to a urologist. The problem with that explanation, though, is the denial letter simply does not say that. As claimant asserts, and we agree, it is highly unlikely that an insurer would issue a denial with the purpose of denying nothing. The language of the denial is quite broad and certainly appears to be denying something, whether it be the existing accepted condition or some other aspect of claimant's current condition.

■ The board did not directly address the question of whether this case involves a "denied claim" as defined in ORS 656.386(1)(b)(A), because it concluded that the denial was void and, therefore, there was no denial for claimant to overcome. We do not believe, however, that the fact that the board reached the eventual conclusion that the November 7 denial denied nothing and, accordingly, was void or without effect, necessarily means that the case did not involve a "denied claim." Insurer's denial stated that it was refusing to pay a claim for compensation on the ground that the claim did not arise out of the course and scope of claimant's employment. Because the board did not directly address the question of whether claimant's claim was a "denied claim," as that term

is used in ORS 656.386(1), we are not sure of the board's understanding of those terms. If the board assumed that there was no "denied claim" here within the meaning of ORS 656.386(1), because the denial was eventually found to be void, that assumption was incorrect. In at least one other case, we have affirmed the board's conclusion that a claimant prevailed over a denied claim in circumstances where the denial was eventually deemed void. *SAIF v. Wart,* 192 Or App 505, 512-13, 87 P3d 1138, *rev den,* 337 Or 248 (2004).[1] We believe that the terms of the statute do encompass circumstances where a denial is eventually determined to be void, and, consequently, we conclude that this case did involve a "denied claim."

■     The next question presented here is whether claimant prevailed at hearing over a "denied claim" or whether his attorney was instrumental in obtaining a rescission of the denial prior to a decision by the ALJ. The situation here does not involve the typical circumstances where an attorney obtains a rescission of a denial or prevails over a denial. Indeed, the facts here are unique. Nonetheless, it is clear from the wording of the denial itself that the denial purported to deny all or part of claimant's claim. Based on the circumstances here, we conclude that claimant's attorney was instrumental in insurer's denial ultimately being found to deny nothing and in the ultimate, consequent issuance of the July 2003 modified notice of acceptance that made it clear that claimant's original accepted condition, the left inguinal hernia, remained accepted.

This case arose because of insurer's action in issuing the November 7, 2002, letter of denial. It was insurer who wrote the denial, and insurer is bound by the express language of the denial. *Sound Elevator v. Zwingraf,* 181 Or App 150, 154, 45 P3d 958, *rev den,* 334 Or 693 (2002). As discussed above, it simply was not clear from the denial letter what was being denied. Under those circumstances, it was reasonable for claimant to believe that it was necessary to request a

---

[1] In *Wart,* we declined to specifically address whether a void denial can give rise to a fee award under ORS 656.386(1), because the issue had not been preserved. 192 Or App at 512 n 4.

hearing on the denial and seek to have it set aside. It was certainly *possible* that the denial would not have been used to deny the accepted condition or to serve as a defense to future claims, specifically to the claim for a left adductor strain. However, claimant was not required to take the risk that the denial could be used against him. Certainly, if claimant had not requested the hearing, the denial would have stood unchallenged. Further, it is far from certain that, but for claimant's challenge, insurer would have issued the modified notice of acceptance in July 2003 that made it clear that claimant's accepted condition remained accepted. It is speculative whether the denial would ever have been considered void had claimant not requested the hearing.

We thus conclude that these circumstances satisfy the legal requirements of the statute entitling claimant to attorney fees under ORS 656.386(1). Because claimant obtained a ruling that the denial issued by insurer was void, claimant prevailed over a "denied claim." ORS 656.386(1)(a). Further, the modified notice of acceptance had the legal effect of clarifying that claimant's accepted claim continued to be accepted. Accordingly, we hold that the board erred in denying the request for fees.

Reversed and remanded for reconsideration of award of attorney fees.