Argued and submitted January 19, affirmed August 18, 2021

In the Matter of the Compensation of
John Chavez-Cordova, Claimant.
SAIF CORPORATION
and Shelter Management, Inc.,
*Petitioners,*

*v.*

John CHAVEZ-CORDOVA,
*Respondent.*

Workers' Compensation Board
1801525; A173321

496 P3d 39

Claimant's eye was injured when, as he was opening an energy drink bottle, its contents exploded and the cap shot into his eye. Employer seeks judicial review of an order of the Workers' Compensation Board, contending that the board erred in determining that claimant's eye injury arose out of his employment because it was caused by a neutral risk to which claimant's work conditions had exposed him. *Held*: Because the risk of injury from the bottle cap was neither employment-related nor personal, the Workers' Compensation Board correctly concluded that the risk of injury was a neutral one. And because employer required claimant to take his paid breaks at the job site and did not provide drinks, bringing his own beverage was a feature of claimant's employment. The board found that employer acquiesced in and contemplated claimant's consumption of beverages while on his paid break, and that finding is supported by substantial evidence. The board therefore did not err in determining that claimant's employment placed him in a position to be injured and that the injury therefore arose out of the employment.

Affirmed.

Beth Cupani argued the cause and filed the briefs for petitioners.

Aaron Clingerman argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Employer seeks judicial review of an order of the Workers' Compensation Board, contending that the board erred in determining that claimant's eye injury arose out of his employment. We conclude that the board did not err and affirm.

Claimant worked for employer as a painter of new construction. Claimant was required to stay on the work site during mandatory paid work breaks. In the absence of a place to sit during his break, claimant sat in the cab of employer's truck. Claimant's eye was injured when, as he was opening an energy drink bottle, its contents exploded and the cap shot into his eye.

An injury is compensable if it arises out of and in the course of employment. ORS 656.005(7)(a). It is undisputed that claimant's injury occurred during the course of his employment. *See Halfman v. SAIF*, 49 Or App 23, 29-30, 618 P2d 1294 (1980) (typical "personal comfort" activities include restroom breaks, getting something to drink, and other typical kind of break activities contemplated by the employer and therefore do not remove the employee from the employment situation under the personal comfort doctrine). The only dispute concerns whether the injury arose out of claimant's employment. An injury "arises out of" the employment if it arises from the nature of the claimant's work or from a risk to which the work environment exposes the worker. *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 598, 943 P2d 197 (1997).

Risks are generally categorized as employment-related risks, personal risks, or neutral risks. *Phil A. Livesley Co. v. Russ*, 296 Or 25, 29-30, 672 P2d 337 (1983). Employment-related risks are those that are inherent to the job. *SAIF Corp. v. Marin*, 139 Or App 518, 524, 913 P2d 336, *rev den*, 323 Or 535 (1996) (citing Larson, *1 Workmen's Compensation Law*, § 7.20, 3-13 (1995)). Personal risks are risks that have no employment connection and that arise from conditions or circumstances that are personal to the worker. *Sheldon v. U. S. Bank*, 364 Or 831, 834, 441 P3d 210 (2019) ("Personal risks include a claimant's personal medical conditions, such as conditions that can lead to an

idiopathic fall."); *Marin*, 139 Or App at 523-24. Neutral risks have no particular employment or personal character and are compensable if work conditions caused the claimant to be in a position to be injured. *Id.* at 523; *see also Sheldon*, 364 Or at 834 (adhering to analysis).

It is undisputed that the cause of claimant's injury was not an employment-related risk. The board also rejected employer's contention that claimant was injured due to a personal risk, finding, "Claimant was not injured by an allergic reaction or anything distinctly personal to him (i.e., he did not prepare the drink or cause it to explode)." The board reasoned that the risk of the bottle cap hitting claimant in the eye was a "neutral risk" that was neither connected to the employment nor personal to claimant.

The board found, further, that claimant's injury resulted from a risk to which the work environment had exposed him:

"Claimant was injured while engaging in a typical break activity (drinking a beverage) acquiesced in and contemplated by the employer. Specifically, the employer required claimant to stay on the worksite during breaks, but did not provide him anything to drink. *** Confined to the worksite for eight hours a day, with no designated break room or anything to drink, it was reasonable to expect claimant to bring a drink to work. Further, the employer specifically allowed claimant to drink any non-alcoholic beverage at work. *** It follows then, that claimant was injured during an activity impliedly authorized by the employer, on a paid break, complying with the employer's requirement to stay on the worksite, in an employer-owned truck, from a drink that he brought to work because of the conditions of his work environment."

The board rejected employer's contention that the injury did not arise out of the employment because the work did not expose claimant to the specific risk of an exploding energy drink. Citing *Clark v. U. S. Plywood*, 288 Or 255, 266, 605 P2d 265 (1980), the board reasoned that the employment connection of the cause of injury need not be strong if the worker is within the course of employment at the time of injury and is engaged in an activity that is normal and accepted. The board found:

"Claimant was injured in a work truck, on the employer's worksite, while drinking a beverage (as contemplated by and acquiesced in by the employer), during a paid break. We consider the circumstances surrounding claimant's injury to be a normal, accepted activity sufficient to establish a work connection between his injury and work environment."

Thus, the board concluded that claimant's injury resulted from a risk to which the work environment had exposed him and therefore arose out of his employment.

Employer challenges the board's determination that the injury arose out of claimant's employment. Although employer does not dispute the board's finding that claimant's injury was not caused by a circumstance personal to him, such as an idiopathic condition, employer asserts that the risk of injury was still personal to claimant, because the exploding beverage was a "personal instrumentality"—a danger that claimant brought to the workplace. *See* Larson, *1 Workers' Compensation Desk Edition* § 9.03[1] (2019) (discussing cases describing risks of "imported dangers"). Beverage bottles are ubiquitous in the workplace, and we would be skeptical of treating them as inherently hazardous objects or personal instrumentalities of risk.[1] Although the board found that the beverage bottle cap caused claimant's injury when the bottle's contents exploded, there was no finding as to why the contents exploded. The board found that there was nothing that claimant did that caused the contents of the bottle to explode or the cap to hit his eye—he did not prepare the beverage or cause it to explode—and that finding is supported by substantial evidence. We agree with the board's conclusion that the risk of the bottle's contents

---

[1] Larson has summarized the cases addressing the issue of imported dangers:

"This treatment of the imported-risk doctrine, then, may be summed up by observing that while it has been applied in a wide range of cases including explosives, weapons, automobiles, food (at least by dictum), and matches, there is also considerable support for the view that the doctrine should be limited to articles that are genuinely and inherently hazardous, and not extended to articles that are familiar adjuncts of living, such as food, soft drinks, matches, automobiles, and clothing, merely because the article proves to be dangerous due to a defect, or as in the Puffin case, due to a hazardous quality that was evidently not apparent to the wearer."

Larson § 9.03[5].

exploding and the cap injuring claimant's eye was not a risk personal to claimant.

Because the risk of injury was neither employment-related nor personal, the risk of injury was a neutral one. *Marin*, 139 Or App at 522. As the court said in *Panpat v. Owens-Brockway Glass Container, Inc.*, 334 Or 342, 350, 49 P3d 773 (2002), "[u]nexplained accidents are a classic example of neutral risks." Although the board found that the explosion of the beverage caused the bottle cap to shoot into claimant's eye, the board made no finding as to the cause of the explosion. Thus, the cause of claimant's injury is similar to those described in *Panpat* as "unexplained." *Id.* (citing *Redman Industries, Inc. v. Lang*, 326 Or 32, 37 n 1, 943 P2d 208 (1997)). The board correctly held that claimant's injury was caused by a neutral risk.

An injury resulting from a neutral risk is compensable where the conditions of employment put a claimant in a position to be injured. As Larson explains, even injuries caused by "imported" risks can be compensable if there is some causal nexus to the employment. Larson § 9.03[3]; *see Goodyear Aircraft Corp. v. Industrial Comm'n*, 62 Ariz 398, 158 P2d 511 (1945) (where employer required the employee to remain on the job while he consumed his lunch, eye injury caused when soft drink bottle that claimant brought to work exploded arose out of and in the course of employment). Even assuming, as employer contends, that claimant's energy drink was an imported risk, claimant's consumption of the drink had an employment connection. Because employer required claimant to take his paid breaks at the job site and did not provide drinks, bringing his own beverage was a feature of claimant's employment. The board found that employer acquiesced in and contemplated that claimant would drink beverages while on his paid break, and that finding is supported by substantial evidence. Claimant's injury occurred while he was engaged in that authorized act. We conclude that the board did not err in determining that claimant's employment placed him in a position to be injured and that the injury therefore arose out of the employment.

Affirmed.