Argued and submitted October 8, 2020, affirmed January 20, 2022

In the Matter of the Compensation of
Lori C. Watt, Claimant.

Lori C. WATT,
*Petitioner,*

*v.*

SAIF CORPORATION
and DHS CAF Field Services,
*Respondents.*

Workers' Compensation Board
1603651; A168345

505 P3d 1021

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) upholding SAIF's denial of her claim for a hand injury, which occurred during an off-premises walk during a paid break, when claimant fell after tripping over a sidewalk crack. The board determined that claimant's injury occurred during a personal comfort activity that was within the course of her employment but that it did not arise out of the employment. Claimant assigns error to that determination, contending that, because the board found that claimant's injury occurred during a personal comfort activity, the board erred in separately analyzing the "arising out of" prong of the unitary work-connection test. SAIF cross-assigns error to the board's determination that claimant's hand injury occurred during the course of her employment. *Held*: The Court of Appeals concluded that the personal comfort doctrine relates to the "in the course of" prong of the unitary work-connection test; thus, the board did not err in separately addressing the "arising out of" prong. The court held that the board's finding that there was nothing about claimant's employment that exposed her to the risk of being injured by a cracked sidewalk during an off-premises walk was supported by substantial evidence, and that that finding supported the board's conclusion that claimant's injury did not arise out of her employment. In view of that conclusion, the court did not address SAIF's cross-assignment of error.

Affirmed.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Beth Cupani argued the cause and filed the briefs for respondents.

Before DeHoog, Presiding Judge, and Mooney, Judge, and DeVore, Senior Judge.

DeHOOG, P. J.

Affirmed.

## DeHOOG, P. J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) affirming an order of an administrative law judge and upholding SAIF's denial of her hand injury claim. She assigns error to the board's determination that her injury did not arise out of the employment. SAIF, the workers' compensation insurance carrier for employer DHS CAF Field Services, cross-assigns error to the board's determination that claimant's hand injury occurred during the course of her employment. The facts are undisputed, and we review the board's order for errors of law, substantial evidence, and substantial reason. ORS 183.482(8)(a), (c). We conclude that the board did not err and therefore affirm.

Claimant works at a desk job for employer and participates in an employer-sponsored wellness program that encourages employees to move during the day and to take walks on their breaks. Employer's building has a workout room in the basement where employees can exercise during their breaks. Claimant wears a "Fitbit" bracelet linked to employer's wellness program that keeps track of her "steps." Employer pays employees an incentive of $17.50 per month to participate in the wellness program.

During a paid break, claimant took a walk through a residential neighborhood, on a route that she and coworkers regularly use. Claimant was approximately one block from work when she tripped and fell over a section of cracked sidewalk and injured her hand. Claimant filed a claim, which employer denied. The board upheld that denial.

Before describing the board's analysis, we provide some legal context. A person's injury is compensable if it "aris[es] out of and in the course of employment." ORS 656.005(7)(a). The Supreme Court has held that the "arising out of" and "in the course of" "prongs" are distinct components of a "unitary work-connection approach," under which the court asks whether "the relationship between the injury and the employment is sufficient for the injury to be compensable." *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 525-26, 919 P2d 465 (1996) (describing unitary approach). The "in the course of" prong refers to the time, place, and

circumstances of the injury. *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 598, 943 P2d 197 (1997). An injury occurs "in the course of" employment if it takes place within the period of employment, at a place where a worker reasonably may be expected to be, and while the worker reasonably is fulfilling the duties of the employment or is doing something reasonably incidental to it. The "arising out of" prong tests the causal connection between the injury and the nature of the work or the work environment. The injury's cause must be linked to a risk connected with the nature of the work or a risk to which the work environment exposes the claimant. *Hayes*, 325 Or at 601.

Although the facts of the two prongs of the unitary work-connection test might be present in different degrees, both prongs must be satisfied to some degree. *Compton v. SAIF*, 195 Or App 329, 332, 97 P3d 669, *rev den*, 337 Or 669 (2004).

This case involves an application of the "personal-comfort doctrine," under which a claimant may be compensated for injuries that occur during activities that are incidental to but not directly involved in the performance of the appointed task and that are permitted or acquiesced in by the employer. In *Clark v. U.S. Plywood*, 288 Or 255, 266, 605 P2d 265 (1980), the worker was killed while retrieving his lunch, which he had left to warm atop a hot glue press. In discussing the personal-comfort doctrine in the context of on-premises injuries, the Supreme Court explained that "on-premises injuries sustained while engaged in activities for the personal comfort of the employee can best be determined by a test which asks: Was the conduct expressly or impliedly allowed by the employer?" *Id.* at 267.

The personal-comfort doctrine has been extended to off-premises activities. In *Jordan v. Western Electric*, 1 Or App 441, 463 P2d 598 (1970), the worker, a night-shift employee, was injured when returning to work from a paid coffee break at an off-premises café with another employee and his supervisor. Although there was a vending machine on the premises, the employer had acquiesced in the employees' practice of leaving the premises for coffee. We said that the case was a close one but, considering seven factors bearing

on the employment connection,[1] and the reasoning of courts of other jurisdictions, we concluded that the claim was compensable. We were persuaded by the rationale of California Supreme Court Justice Burke, in an opinion affirming the California workers' compensation board's order holding that a worker's injury while swimming in a canal during a work break was compensable. Burke said that the board's holding was:

> "in accord with the 'personal comfort' doctrine, under which the course of employment is not considered broken by certain acts relating to the personal comfort of the employee, as such acts are helpful to the employer in that they aid in efficient performance by the employee. *** (Comment, *Workmen's Compensation: The Personal Comfort Doctrine* (1960) [Wis L Rev 91 ***.)]"

1 Or App at 446 (quoting with approval from *State Comp. Insurance Fund v. Workmen's Comp. App. Bd. (Cardoza)*, 67 Cal 2d 925, 928, 64 Cal Rptr 323, 434 P2d 619 (1967) (injuries sustained while swimming in a canal to cool off during a coffee break held compensable)).

In *Halfman v. SAIF*, 49 Or App 23, 29, 618 P2d 1294 (1980), the worker was an attendant at a Goodwill Industries donation center, where no water or restroom facilities were provided. While on a paid break, the claimant left the premises to find a restroom and buy a beverage. As he crossed a street in the neighborhood, he was struck by a car. We found that the claimant's trip in the neighborhood to find a restroom was contemplated by and benefited the employer. We explained that the claimant's break was not

---

[1] The seven *Jordan* factors are:

"(a) Whether the activity was for the benefit of the employer ***;

"(b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later ***;

"(c) Whether the activity was an ordinary risk of, and incidental to, the employment ***;

"(d) Whether the employee was paid for the activity ***;

"(e) Whether the activity was on the employer's premises ***;

"(f) Whether the activity was directed by or acquiesced in by the employer ***;

"(g) Whether the employee was on a personal mission of his own[.]"

*Jordan*, 1 Or App at 443-44 (internal citations omitted).

the ordinary type of break that an employee takes on the premises:

> "[A] different situation was established by the employer here when it provided no facilities for the use of its employe[e]s in its collection centers. In the situation so created, the risk of injury by automobile in a busy city street which claimant could reasonably have been expected to cross in order to find a restroom and something to drink was an ordinary risk of, and incidental to, that employment."

49 Or App at 29. We considered the claimant's injury to fall within the personal-comfort doctrine, which we said was based on the rationale that "certain activities by employees are expected and necessary and the conduct of those activities is not a departure from the employment relationship." *Id.* We determined in *Halfman* that the injury arose out of and in the course of claimant's employment and that the claim was compensable. *Id.* at 30.

Although our case law has not always been precise in describing where, analytically, the personal-comfort doctrine fits within the unitary work-connection approach, our most recent opinions have placed it squarely within the context of the "in the course of" prong. *See SAIF v. Chavez-Cordova*, 314 Or App 5, 496 P3d 39 (2021) (stating that the claimant's injury occurred during personal-comfort activities and therefore satisfied "in the course of" prong); *see also Mandes v. Liberty Mutual Holdings*, 289 Or App 268, 408 P3d 260 (2017) ("Off-premises activities that have been found to be within the course and scope of employment under the personal comfort doctrine have included coffee, lunch, or restroom breaks."); *U.S. Bank v. Pohrman*, 272 Or App 31, 49, 354 P3d 722, *rev den*, 358 Or 70 (2015) (stating that the personal-comfort doctrine may apply "when the worker, although not engaging in his or her appointed work activity at a specific moment in time, still remains in the course of employment and, therefore, has not left work"). In this case, in light of employer's encouragement of fitness and acquiescence in employees walking during their breaks, the board held that claimant's walk was a personal-comfort activity incidental to her employment and therefore satisfied the "in the course of" prong.

But the board then addressed whether the injury arose out of claimant's employment and concluded that it did not. The board characterized claimant's injury as having resulted from a "neutral risk," and therefore not compensable unless the injury was connected to the nature of claimant's job or to a risk to which her work environment had exposed her. *See Hayes*, 325 Or at 601 (when risk is neutral, "arising out of" requirement is satisfied "if the risk of injury results from the nature of his or her work or when it originates from some risk to which the work environment exposes the worker"); *Phil A. Livesley Co. v. Russ*, 296 Or 25, 29-30, 672 P2d 337 (1983) (categorizing employment risks as employment-related, personal, or neutral). The board found that the risk of injury caused by the cracked sidewalk was not employment-related and that claimant's work environment had not placed her in a position to be injured—employer had not mandated the walk or directed claimant to follow a particular route on her walk. Thus, the board concluded that claimant's injury did not arise out of the employment.

On judicial review, claimant asserts that the board erred in separately addressing the "arising out of" prong, contending that the board's determination that claimant's injury occurred during a personal-comfort activity satisfied that element. Employer responds that, as explained previously, our case law has placed the personal-comfort doctrine within the "in the course of" prong. Employer asserts further that our cases have not eliminated the requirement for establishing the "arising out of" prong, which tests whether the injury arises from a risk connected with the nature of the work or the work environment.

As claimant correctly points out, our earlier opinions addressing the personal-comfort doctrine in the context of off-premises injuries have said that injuries sustained during personal-comfort activities are within the employment, *Jordan*, 1 Or App at 446 (describing personal-comfort activities as having a sufficient connection to the employment); *Halfman*, 49 Or App at 29 (personal comfort activities "not a departure from the employment relationship"). Those opinions did not separately address the "arising out of" prong and are susceptible to the interpretation that proof

of an injury occurring during a personal-comfort activity establishes compensability, without a separate analysis of the "arising out of prong." *See also Mellis v. McEwen, Hanna, Gisvold*, 74 Or App 571, 574, 703 P2d 255, *rev den*, 300 Or 249 (1985) (holding compensable an off-premises injury during work break under seven factors set out in *Jordan).*

But in *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994), the court emphasized that the two prongs of the unitary work-connection inquiry test the injury's work connection in different manners and that each must be evaluated. We are, of course, bound by the Supreme Court's opinions, and our recent case law has pursued analysis of the "arising out of" prong in the context of injuries sustained during personal-comfort activities. *See Chavez-Cordova*, 314 Or App at 6-8 (addressing "arising out of" prong where it had been determined that claimant's injury occurred during personal-comfort activities and therefore satisfied "in the course of" prong). We do not interpret our case law as having eliminated the requirement for proof of the "arising out of" prong when a personal-comfort activity has been established, and we reject claimant's suggestion that we should so hold.[2] The board did not err in

---

[2] Claimant contends that our references in *Mandes* and *Pohrman* to injuries falling within the "course and scope of employment" necessarily encompass both the "arising out of" and "in the course of" prongs of the unitary test. The phrase "course and scope of employment" is currently a part of ORS 656.278, which defines the compensability of "worsened conditions" resulting from the original injury after the last arrangement of compensation. The "scope of employment" standard formerly applied in the occupational disease context under a *former* ORS 656.802(1)(a) (An occupational disease is "any disease or infection which arises out of and in the scope of the employment and to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein."). In *SAIF v. Noffsinger*, 80 Or App 640, 645, 723 P2d 358, *rev den*, 302 Or 342 (1986), we held that the unitary work-connection analysis from *Rogers* applies to the "arising out of and in the scope of employment" language of the occupational disease statute. ORS 656.802(1)(a) now defines an occupational disease as "any disease or infection arising out of and in the course of employment." Claimant is correct that, historically, an injury that was within the "scope of employment" equated to an injury that was covered under the Workers' Compensation Act. *See, e.g.*, *Slaughter v. SAIF*, 60 Or App 610, 654 P2d 1123 (1982) (addressing whether traveling employee's activities were within the scope of employment or coverage under the Act). But parties and the appellate courts also frequently and, perhaps, imprecisely, have used the phrase "course and scope" of employment conjunctively, to describe the "in the course of" prong of the unified work-connection test, as distinct from "arising out of" prong in the context of an injury claim. *See, e.g.*, *Lamm v. Silver Falls Tbr. Co.*, 133 Or 468, 291 P 375

separately evaluating whether claimant's evidence satisfied the "arising out of" prong.

In view of our conclusion that the board did not err in separately addressing the "arising out of" prong, claimant asserts that the board erred in determining that her injury did not arise out of her employment. In analyzing the "arising out of" prong, the board correctly characterized the cause of claimant's injury—the cracked sidewalk—as a "neutral" risk, one that was not employment-related or personal to claimant. *See Phil A. Livesley Co.*, 296 Or at 29-30 (categorizing employment risks as employment-related, personal, or neutral). An injury resulting from a neutral risk is compensable when "the conditions of employment put claimant in a position to be injured." *Panpat v. Owens-Brockway Glass Container*, 334 Or 342, 350, 49 P3d 773 (2002).

_____

(1930) (equating "course" and "scope" of employment); *Clark*, 288 Or at 265 ("If an act is within the course and scope of employment, and arises therefrom, reasonableness of the employee conduct is irrelevant."); *Bowers v. Mathis*, 280 Or 367, 370, 571 P2d 489 (1977) (when the "plaintiff was within the course and scope of his employment, he sustained injuries which arose therefrom"); *SAIF v. Sumner*, 313 Or App 434, 495 P3d 205 (2021) (rejecting employer's contention that "board erred in determining that claimant's injury arose out of and occurred during course and scope" of employment); *Greenblatt v. Symantec Corp.*, 287 Or App 506, 514, 403 P3d 439 (2017) (recreational activity that otherwise might "arise out of and in the course and scope of the employment" under ORS 656.005(7)(a) is not compensable if it is subject to exclusion under ORS 656.005(7)(b)(B)); *Mills v. The Boeing Co.*, 212 Or App 678, 680, 159 P3d 375 (2007) (employer's letter denied that claimant had "sustained a compensable injury or occupational disease arising out of and in the course and scope of your employment"); *Cervantes v. Liberty Northwest Ins. Corp.*, 205 Or App 316, 318, 134 P3d 1033 (2006) (in rejecting claim insurer wrote that injury "did not arise out of and in the course and scope of your employment"); *Liberty Northwest Ins. Corp. v. Nichols*, 186 Or App 664, 64 P3d 1152 (2003) (affirming board's order holding that the activity of eating the candy while working was "within the course and scope" of claimant's employment); *McTaggart v. Time Warner Cable*, 170 Or App 491, 504, 16 P3d 1154 (2000), *rev den*, 331 Or 633 (2021) (equating "scope" of employment with "course" of employment); *Proctor v. SAIF*, 123 Or App 326, 330, 860 P2d 828 (1993) (a person who has the status of a traveling employee "is continuously within the course and scope of employment while traveling," except when it is shown that the person has "engaged in a distinct departure on a personal errand"). We reject claimant's suggestion that our references in *Mandes* and *Pohrman* to the "course and scope" of employment implicitly encompassed both the "in the course of" and "arising out of" prongs and obviated the need to address the "arising out of" prong in the context of a claim involving the personal-comfort doctrine. The Supreme Court's case law requiring separate analysis of the "in the course of" and "arising out of" prongs is controlling and, to the extent that *Mandes* and *Pohrman* might be understood to obviate the need to address the "arising out of" prong when it is determined that a claimant was engaged in a personal comfort activity, we disavow that interpretation.

Claimant asserts that, in view of the board's conclusion that her personal-comfort activity brought her within the course of her employment, the activity must be viewed as a work-related condition to which claimant's employment exposed her.

Claimant's proposed analysis would render the analysis of the "arising out of" prong superfluous. Whether a claimant's employment exposed her to a risk of injury will depend on the circumstances of the injury and its causal connection to the employment, whether or not the activity was for the claimant's personal comfort. Here, the board found that employer did not mandate claimant's walk or direct her route. *See Hearthstone Manor v. Stuart*, 192 Or App 153, 84 P3d 208 (2004) (injury arose out of employment because employer mandated that employees take a particular route when approaching building). Although employer encouraged activity during work breaks, employer did not create circumstances that necessitated that claimant leave the premises for her personal comfort. *Cf. Chavez-Cordova*, 314 Or App at 9 (a requirement that claimant stay on the work site during breaks and an absence of water created need for claimant to bring his own beverage); *Halfman*, 49 Or App at 29 (lack of restroom on the premises made it necessary for the worker to leave the premises to find a restroom). It was claimant's personal choice to take the walk, and the off-premises walk itself was not an employment duty or incidental to an employment duty. *See First Interstate Bank v. Clark*, 133 Or App 712, 894 P2d 499, *rev den*, 321 Or 429 (1995) (claimant's off-premises activity was of indirect benefit to employer's business). The walk had no connection to the employment or to the employment environment. In short, the board found, notwithstanding employer's encouragement of activity, there was nothing about claimant's employment that exposed claimant to the risk of being injured by a cracked sidewalk during an off-premises walk.

The board's findings are supported by substantial evidence, and the board's conclusion from those findings that the conditions of claimant's employment did not put claimant in a position to be injured during an off-premises walk is supported by substantial reason. We therefore affirm the board's determination that claimant's injury did not arise

out of her employment and its order upholding SAIF's denial of the claim.[3]

Affirmed.

_____

[3] In view of our disposition, we do not address SAIF's contention on cross-assignment that the board erred in determining that claimant's injury occurred during a personal comfort activity.