Argued and submitted December 2, 2020, affirmed March 9, petition for review denied July 28, 2022 (370 Or 197)

In the Matter of the Compensation of
Katherine Mandes, Claimant.

Katherine MANDES,
*Petitioner,*

*v.*

LIBERTY MUTUAL HOLDINGS -
LIBERTY MUTUAL INSURANCE,
*Respondent.*

Workers' Compensation Board
1304012; A170557

507 P3d 747

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Brad G. Garber argued the cause for respondent. On the brief were Steven T. Maher, Joslyn Keating, and Tolleson Conratt Nielsen Maher & Replogle LLP.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Claimant seeks judicial review of an order on remand of the Workers' Compensation Board (the board) holding that injuries she sustained during a paid break are not compensable. The board determined that claimant was engaged in a personal comfort activity at the time of her injury and was not on a personal mission of her own; however, the injury did not arise out of employment. We review the board's order for substantial evidence and errors of law. ORS 183.482(8)(a), (c).

On review, the relevant facts are largely uncontested. Claimant works for employer Liberty Mutual as a nurse case manager. Claimant sustained multiple injuries when she tripped and fell on an uneven sidewalk adjacent to employer's parking lot while on a walk with her coworkers during a paid 15-minute break. Claimant's supervisor acknowledged that employer encouraged physical activity to promote a healthy workplace. Additionally, employer had given employees pedometers and shown employees a video about the benefits of exercise and walking. Further, claimant's supervisor was aware that employees walked during lunch breaks but was not aware that employees walked during the shorter breaks.

Employer denied claimant's claim for workers' compensation benefits on the ground that the injury did not occur in the course and scope of her employment, and the board upheld the denial. The board reasoned that the "going and coming" rule applied. The "going and coming" rule holds that a worker is not in the scope of employment when the worker leaves employment until the worker returns except while still in a place under the employer's control. Because claimant was returning to work at the time of her injury and was not on employer's premises or on premises that are within the employer's control, the board found that claimant's injury is not compensable because the injury did not occur in the scope of her employment.

On appeal, this court remanded the order to the board so that it could address whether claimant was engaged in a personal comfort activity of a type that means that she still was acting in the course and scope of her employment

when she was injured. *Mandes v. Liberty Mutual Holdings*, 289 Or App 268, 408 P3d 260 (2017) (*Mandes I*). On remand, the board found that the "personal comfort" doctrine was applicable, and the "going and coming" rule inapplicable. Accordingly, the board found claimant's activity at the time of injury had a sufficient connection to her employment that she was considered still in the course of her employment. However, the board found that the risk of falling was not created by claimant's employment, nor did the work environment expose claimant to the risk; therefore, the board concluded that claimant's injury did not arise out of her employment and was not compensable. Claimant has requested judicial review. We examine for legal error the board's finding that, even though the injury occurred while claimant was engaged in a personal comfort activity, claimant's injury is not compensable because the injury did not arise out of her employment.

　　We recently considered this same issue, arising under almost identical circumstances, in *Watt v. SAIF*, 317 Or App 105, 114, 505 P3d 1021 (2022). There we reasoned:

"Whether a claimant's employment exposed her to a risk of injury will depend on the circumstances of the injury and its causal connection to the employment, whether or not the activity was for the claimant's personal comfort. Here, the board found that employer did not mandate claimant's walk or direct her route. *See Hearthstone Manor v. Stuart*, 192 Or App 153, 84 P3d 208 (2004) (injury arose out of employment because employer mandated that employees take a particular route when approaching building). Although employer encouraged activity during work breaks, employer did not create circumstances that necessitated that claimant leave the premises for her personal comfort. *Cf.* [*SAIF Corp. v.*] *Chavez-Cordova*, 314 Or App [5, 9, 496 P3d 39 (2021)] (a requirement that claimant stay on the work-site during breaks and an absence of water created need for claimant to bring his own beverage); *Halfman* [*v. SAIF*], 49 Or App [23, 29, 618 P2d 1294 (1980)] (lack of restroom on the premises made it necessary for the worker to leave the premises to find a restroom). It was claimant's personal choice to take the walk, and the off-premises walk itself was not an employment duty or incidental to an employment duty. *See First Interstate Bank of Oregon v. Clark*, 133 Or App 712, 894 P2d 499, *rev den*, 321 Or 429 (1995) (claimant's

> off-premises activity was of indirect benefit to employer's business). The walk had no connection to the employment or to the employment environment. In short, the board found, notwithstanding employer's encouragement of activity, there was nothing about claimant's employment that exposed claimant to the risk of being injured by a cracked sidewalk during an off-premises walk."

*Watt*, 317 Or App at 114. Our analysis in *Watt* compels the same result here.

Affirmed.